*The Honorable Marsha J. Pechman*
Hearing Date:
Hearing Time:

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

**FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR WASHINGTON FIRST INTERNATIONAL BANK,**

No. 2:13-CV-01797-MJP

11

12

Plaintiff,

**JOINT STATUS REPORT AND DISCOVERY PLAN**

13

v.

14

**BANCINSURE, INC.,**

15

Defendant.

16

17

18          For their joint status report and discovery plan, Plaintiff, the Federal Deposit Insurance

19   Corporation as Receiver for Washington First International Bank, Seattle, Washington

20   ("FDIC-R"), and Defendant BancInsure, Inc. ("BancInsure") state as follows:

21          1.      A statement of the nature and complexity of the case.

22          Plaintiff's statement:  This is an insurance coverage action brought by plaintiff FDIC-R

23   as receiver of Washington First International Bank, Seattle ("WFIB" or "Bank"), to determine

24   whether the FDIC-R's claims against certain former directors or officers of WFIB are covered

25   under a $5 million Extended Professional Liability Insurance Policy issued by defendant

26   BancInsure.  On June 11, 2010, WFIB was closed by the Washington Department of Financial

27   Institutions, Division of Banks, and the FDIC-R was appointed as receiver.  Thereafter, the

**ATER WYNNE LLP**
601 UNION STREET, SUITE 1501
SEATTLE, WA 98101-3981
(206) 623-4711

FDIC-R notified certain of the Bank's former directors and officers ("D&Os") and that the FDIC-R intended to pursue negligence, gross negligence, and breach of fiduciary duty claims against them, arising out of their service to the Bank. The FDIC-R and the former D&Os timely notified BancInsure of the FDIC-R's claims. BancInsure denied coverage. The parties thereafter entered into a written settlement agreement, under which the D&Os assigned to the FDIC-R all of their rights to insurance coverage under the BancInsure policy. The FDIC-R seeks a declaration that the BancInsure policy covers one or more of the former D&Os for the FDIC-R claims, and an award of the remaining policy limits, in the amount of $4,546,358.20.

Defendant's statement: Defendant does not disagree with the Plaintiff's statement of the case. Defendant adds, however, that it denied coverage for the claims brought by the FDIC-R 1) because the BancInsure Policy contains Exclusion 21 that excludes from coverage all claims brought by a Receiver and, as acknowledged by the FDIC-R in its Complaint, the FDIC-R brought its claims against the D&Os as the Receiver of WFIB; 2) misrepresentations were made in the application submitted by WFIB for the BancInsure policy, which void the policy and preclude coverage for the FDIC-R claim; and 3) the definition of "loss" in the BancInsure Policy excludes "any principal, interest or other monies paid, accrued or due as the result of any loan, lease or extension or credit." Defendant asserts these defenses to Plaintiff's claim for coverage under the BancInsure Policy.

The case is not suitable for complex case designation.

2.      A proposed deadline for the joining of additional parties: No additional parties will be joined.

3.      The parties should indicate whether they agree that the Honorable Brian A. Tsuchida may conduct all proceedings including trial and the entry of judgment: The parties do not consent.

4.      Discovery plan:

(A)      The parties will make initial disclosures on December 18, 2013.

(B)      Subjects, timing and potential phasing of discovery:

JOINT STATUS REPORT AND DISCOVERY PLAN - Page 2 (13-CV-01797-MJP)

1845195/2/LIB/105030-0019

ATER WYNNE LLP
601 UNION STREET, SUITE 1501
SEATTLE, WA 98101-3981
(206) 623-4711

1.    The subject of the discovery the FDIC-R will require from BancInsure includes but is not limited to the underwriting, premiums and issuance of BancInsure policies to the Bank; the drafting, use, and interpretation of director and officer liability insurance policy insured v. insured exclusions, regulatory exclusions, Loss definitions, classified and past due loan exclusions, and other loan related exclusions and application-related provisions; BancInsure's monitoring of the condition of the Bank; BancInsure's modification of policies issued to the Bank; and the underwriting and claim communications, reports and decisions of defendants and its underwriters, claim personnel, consultants and reinsurers in the handling and denial of the claim at issue.

2.    The subject of the discovery BancInsure will require from the FDIC-R includes but is not limited to the BancInsure Policy that is at issue in this lawsuit; the application and renewal processes related to the Policy; regulatory examinations and communications between regulators, on the one hand, and WFIB and WFFG, and their directors, officers, and representatives, on the other; and regulatory enforcement actions prior to, and subsequent to, renewal of the BancInsure Policy in May 2009.  BancInsure objects to the scope of discovery proposed by the FDIC-R as being too broad, including but not limited to discovery on the drafting, use and interpretation of the Policy and its language and exclusions; discovery on other policy language not contained in the Policy at issue; and discovery on the underwriting and claim communications, reports and decisions of defendants and its underwriters, claim personnel, consultants and reinsurers in the handling and denial of the claim at issue (the language of the Policy at issue speaks for itself).

3.    Discovery timing:

    a.    The parties will begin written discovery no later than January 15, 2014;

    b.    The parties will schedule depositions to commence no later than April 1, 2014;

    c.    The parties will complete fact discovery by September 1, 2014.

    d.    Plaintiff will disclose the name(s) and opinions of expert witness(es), if any, and provide expert report(s) no later than September 15, 2014;

    e.    Defendant will disclose the name(s) and opinions of expert witness(es), if any, and provide expert report(s) no later than October 15, 2014;

    f.    Parties will disclose the name(s) and opinion(s) of their rebuttal expert witness(es), if any, and provide expert report(s) no later than October 29, 2014;

JOINT STATUS REPORT AND DISCOVERY PLAN - Page 3 (13-CV-01797-MJP)

1845195/2/LIB/105030-0019

ATER WYNNE LLP
601 UNION STREET, SUITE 1501
SEATTLE, WA 98101-3981
(206) 623-4711

g.      Expert discovery will be completed no later than December 15, 2014.

h.      Dispositive motions will be filed no later than January 15, 2015.

(C)      Electronically stored information:  The FDIC-R will propose a draft ESI Agreement to BancInsure by December 23, 2013.

(D)      Privilege issues:  Except as provided in the ESI Agreement, the parties agree to produce a privilege log within 30 days after responding to requests for production.  The parties agree that documents responsive to any request for production and created after November 29, 2011, need not be included in the privilege log.  The parties agree to be subject to the obligations set forth in Fed. R. Civ. Proc. 26(b)(5)(B) regarding inadvertent production of privileged material.

(E)      Proposed limitations on discovery:  The parties agree that, at this time, no changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure.

(F)      Discovery related orders:  The FDIC-R will propose to BancInsure the form of a protective order based on the court's Model Stipulated Protective Order.

5.      Local Civil Rule 26(f)(1) topics:

(A)      Prompt case resolution:  The parties expect to explore settlement after completion of fact discovery.

(B)      Alternative dispute resolution:  The parties expect to engage in mediation after completion of fact discovery.

(C)      Related cases:  Several other insurance coverage lawsuits are pending in federal district courts between FDIC-R and BancInsure.  No such case other than this one is pending in the Western District of Washington.  The parties do not believe that coordination among the actions would avoid conflicts, conserve resources, or promote an efficient determination of the action.  The terms of the policies, some of the defenses raised by

ATER WYNNE LLP
601 UNION STREET, SUITE 1501
SEATTLE, WA 98101-3981
(206) 623-4711

BancInsure, and the operative facts differ in each case.  Further the applicable law regarding interpretation of insurance contracts may differ from state to state.

(D)    Discovery management: The parties will communicate regarding managing discovery to promote the expeditious and inexpensive resolution of the case, including exchanging documents informally and consulting in good faith to resolve discovery disputes. The parties expect to address protocols for sharing of confidential material produced in discovery with counsel in the other insurance coverage lawsuits pending between FDIC-R and BancInsure.

(E)    Anticipated discovery sought:  *See* Paragraph 4(B)(1) and (2)

(F)    Phasing motions:  FDIC-R plans to file one or more dispositive motions to facilitate early resolution of some or all issues.  BancInsure intends to do the same by motion or cross-motion.

(G)    Preservation of discoverable information:  The parties anticipate no issues relating to the preservation of discoverable information and the scope of the preservation obligation.

(H)    Privilege issues:  *See* Paragraph 4(D).

(I)    Model Protocol for Discovery of ESI:  The case will involve the preservation and production of ESI.  By December 23, 2013, FDIC-R will propose an ESI Agreement based on the Model ESI Agreement.

(J)    Alternatives to Model Protocol:  If the parties are unable to agree on the terms of an ESI Agreement, the parties will negotiate and attempt to reach an agreement on the topics listed in LCR 26(f)(1)(J).

6.    The date by which discovery can be completed:  Fact and expert discovery will be completed by December 15, 2014.

7.    Bifurcation:  The parties do not request that issues in the case be bifurcated for trial.

**ATER WYNNE LLP**
601 UNION STREET, SUITE 1501
SEATTLE, WA 98101-3981
(206) 623-4711

8.      Pretrial statements and pretrial order:  The parties do not wish to dispense with the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1.

9.      Individualized Trial Program and ADR:  The parties do not intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2.  The parties intend to schedule mediation after the close of fact discovery.

10.     Suggestions for shortening or simplifying the case:  The parties intend to file one or more dispositive motions.

11.     The date the case will be ready for trial: February 1, 2015.

12.     Jury or non−jury trial:  The parties request a jury trial.

13.     The number of trial days required.  The parties estimate five days for trial.

14.     The names, addresses, and telephone numbers of all trial counsel.

| | |
|---|---|
| Plaintiff: | James B. Davidson<br>Lori Irish Bauman<br>Stephen J. Kennedy<br>Ater Wynne LLP<br>1331 N.W. Lovejoy Street, Suite 900<br>Portland, OR  97201<br>Telephone:  (503) 226-1191 |
| Defendant: | Loren D. Podwill<br>Margaret Van Valkenburg<br>Bullivant Houser Bailey PC<br>Suite 300, 888 S.W. Fifth Avenue<br>Portland, OR  97204<br>Telephone:  (503) 499-4620 |
| | E. Pennock Gheen<br>Bullivant Houser Bailey PC<br>Suite 1810, 1700 Seventh Avenue<br>Seattle, WA  98101-1397<br>Telephone:  (206) 292-8930 |

15.     The dates on which the trial counsel may have complications to be considered in setting a trial date:  FDIC-R:  April, May, and June, 2015.  BancInsure:  BancInsure is a party to an insurance coverage declaratory judgment action pending in Nevada federal court, *BancInsure, Inc. v. Jacobs et al.,* Case No.:  3:13-CV-00302-LRH-VPC (D NV).  The Nevada case is on track

ATER WYNNE LLP
601 UNION STREET, SUITE 1501
SEATTLE, WA 98101-3981
(206) 623-4711

to be tried in November or December 2014, with pretrial submissions and hearings in the prior months.  Counsel representing BancInsure is this matter is also counsel of record for BancInsure in the Nevada case.  Thus, BancInsure requests that trial of this matter not be scheduled prior to February 2015.

16.     Service of summons:  BancInsure has received service of summons, and no other parties will be joined.

17.     Scheduling Conference:  The parties do not request a scheduling conference before the Court enters a scheduling order in the case.

18.     Disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1: BancInsure will file its disclosure statement on **December 18, 2013.**

19.     Judiciary's Pilot Project on Cameras in the Courtroom:  The parties do not consent to having hearings in this matter video recorded.

DATED this  18th  day of December, 2013.

Respectfully submitted,

**ATER WYNNE LLP**

By:     /s/ James B. Davidson
            James B. Davidson, WSBA No. 33847
            E-mail:  jbd@aterwynne.com
            Lori Irish Bauman, OSB No. 871617
            (admitted *pro hac vice*)
            E-mail:  lib@aterwynne.com
            1331 NW Lovejoy Street, Suite 900
            Portland, OR 97209-3280
            Telephone: (503) 226-1191
            Facsimile:  (503) 226-0079

            Stephen J. Kennedy, WSBA No. 16341
            E-mail:  sjk@aterwynne.com
            601 Union Street, Suite 1501
            Seattle, WA 98101-3981
            Telephone: (206) 623-4711
            Facsimile:  (206) 467-8406

**ATTORNEYS FOR PLAINTIFF**

JOINT STATUS REPORT AND DISCOVERY PLAN - Page 7 (13-CV-01797-MJP)

1845195/2/LIB/105030-0019

**ATER WYNNE LLP**
601 UNION STREET, SUITE 1501
SEATTLE, WA 98101-3981
(206) 623-4711

1

**BULLIVANT HOUSER BAILEY PC**

2

3
By:   /s/ Margaret Van Valkenburg
　　　Loren D. Podwill, WSBA No. 14490

4
　　　E-mail:  loren.podwill@bullivant.com
　　　Margaret Van Valkenburg, WSBA No. 13900

5
　　　E-mail:  megge.vanvalkenburg@bullivant.com
　　　Suite 300, 888 S.W. Fifth Avenue

6
　　　Portland, OR  97204
　　　Telephone:  (503) 499-4620

7
　　　Facsimile:   (503) 295-0915

8
　　　E. Pennock Gheen, WSBA No. 14969
　　　E-mail:  penn.gheen@bullivant.com

9
　　　Bullivant Houser Bailey PC
　　　Suite 1810, 1700 Seventh Avenue

10
　　　Seattle, WA  98101-1397
　　　Telephone:  (206) 292-8930

11
　　　Facsimile:   (206) 386-5130

12
**ATTORNEYS FOR DEFENDANT**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**ATER WYNNE LLP**
601 UNION STREET, SUITE 1501
SEATTLE, WA 98101-3981
(206) 623-4711

1845195/2/LIB/105030-0019

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that I have this _18th_ day of December, 2013, served a true and correct
copy of the foregoing document upon the parties, via the methods noted below, properly
3   addressed as follows:

4   *Attorneys for Defendant:*

5

6   Loren D. Podwill                                    ___ Hand Delivery
    E-mail:  loren.podwill@bullivant.com                ___ U.S. Mail (First-Class, Postage Prepaid)
7   Margaret Van Valkenburg                             ___ Overnight Mail
    E-mail:  megge.vanvalkenburg@bullivant.com          ___ Facsimile
8   Bullivant Houser Bailey PC                          _X_ E-Mail
    Suite 300, 888 S.W. Fifth Avenue
9   Portland, OR  97204

10  E. Pennock Gheen
    E-mail:  penn.gheen@bullivant.com
11  Bullivant Houser Bailey PC
    Suite 1810, 1700 Seventh Avenue
12  Seattle, WA  98101-1397

13

14

15        I declare under penalty of perjury under the laws of the State of Oregon that the foregoing
is true and correct.
16

17        DATED this  _18th_ day of December, 2013, at Portland, Oregon.

18
                                                    _/s/ James B. Davidson_____
19                                                  James B. Davidson, WSBA No. 33847

20

21

22

23

24

25

26

27

JOINT STATUS REPORT AND DISCOVERY PLAN - Page 9 (13-CV-01797-MJP)

1845195/2/LIB/105030-0019

**ATER WYNNE LLP**
601 UNION STREET, SUITE 1501
SEATTLE, WA 98101-3981
(206) 623-4711